NO. SCEC-10-0000008

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

KHISTINA CALDWELL DEJEAN, Plaintiff,

vs.

BERNICE MAU, Clerk of the City and County of Honolulu,
Defendant.

ORIGINAL PROCEEDING

FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT
(By: Recktenwald, C.J., Nakayama, Acoba, and Duffy, JJ.
and Circuit Judge Kim, assigned by reason of vacancy)

We have considered Plaintiff Khistina Caldwell DeJean's Election Complaint, Defendant Bernice Mau's motion to dismiss or for summary judgment, and the affidavit and exhibits appended to each. Having heard this matter without oral argument and in accordance with HRS § 11-173.5(b) (2009) (requiring the supreme court to "give judgment fully stating all findings of fact and of law" and "decide what candidate was nominated or elected"), we set forth the following findings of fact and conclusions of law and enter the following judgment.

FINDINGS OF FACT

1. Plaintiff Khistina Caldwell DeJean was one of eight candidates for the office of mayor of the City and County of Honolulu in the September 18, 2010 special vacancy election.

2. The election results for Honolulu mayor were: (1) Peter Carlisle: 80,553 votes; (2) Kirk Caldwell: 71,815 votes; (3) Panos Prevedouros: 38,439 votes; (4) Rod Tam: 3,036 votes; (5) Khistina DeJean: 761 votes; (6) Philmund Lee: 642 votes; (7) Calvin Griffin: 582 votes; and (8) John Andrew McLeod: 391 votes.

3. Plaintiff DeJean challenged the election results by filing a complaint in the office of the clerk of the supreme court on September 27, 2010, the sixth day after the September 18, 2010 special vacancy election. Plaintiff DeJean was in the office of the clerk of the supreme court before 4:30 p.m. on September 27, 2010 and remained in the office for an hour to complete her election contest complaint. The office of the clerk remained open for business until plaintiff DeJean completed her complaint. The complaint was completed and filed at 5:29 p.m.

4. The complaint contests the special vacancy election for Honolulu mayor based on plaintiff DeJean's allegations of the possibility of a margin of error of "1 per 100 votes or 1 per 10,000 votes" in the Honolulu mayoral vote tabulation, the possibility of inconsistent procedures in processing absentee and walk-in ballots, the possibility that additional votes were counted after final results were reported, the absence of plaintiff DeJean's name on the first set of absentee ballots, the absence of certain official observers at the September 18, 2010 election, the failure of precinct officials to remind voters to vote both sides of the ballot, the inability of voters to vote "none" on the Honolulu mayoral ballot, and the limited media coverage of plaintiff DeJean's candidacy.

5. Plaintiff DeJean seeks judgment from the supreme court directing a recount of the votes or a new election for Honolulu mayor.

6. Defendant Mau moved for dismissal of the complaint or for summary judgment for failure to state claims upon which

2

relief can be granted.

## CONCLUSIONS OF LAW

### I.

1. HRS § 11-173.5(a) (2009) provides that a complaint challenging a special county election held concurrently with a regularly scheduled primary election "shall be filed in the office of the clerk of the supreme court not later than 4:30 p.m. on the sixth day after the . . . election."

2. Where the language of a statute is plain and unambiguous that a specific time provision must be met, it is mandatory and not merely directory. Tataii v. Cronin, 119 Hawai'i 337, 339, 198 P.3d 124, 126 (2008).

3. While the word "shall" is generally regarded as mandatory, in certain situations it may be given a directory meaning. Id.

4. In determining whether a statute is mandatory or directory, the intent of the legislature must be ascertained. Id.

5. Legislative intent may be determined from a consideration of the entire act, its nature, its object, and the consequences that would result from construing it one way or the other. Id.

6. A mandatory reading of "the sixth day" provision of HRS § 11-173.5(a) and a directory reading of the "no later than 4:30 p.m." provision of HRS § 11-173.5(a) is consistent with the entire act, its nature, its object, and the consequences that would result from construing it one way or the other. Cf. Tataii

3

v. Cronin, 119 Hawai'i at 339, 198 P.3d at 126.

7. The election complaint filed on September 27, 2010 at 5:29 p.m. was filed within the time provision of HRS § 11-173.5(a).

II.

1. When reviewing a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must accept plaintiff's allegations as true and view them in the light most favorable to the plaintiff; dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. AFL Hotel & Restaurant Workers Health & Welfare Trust Fund v. Bosque, 110 Hawai'i 318, 321, 132 P.3d 1229, 1232 (2006).

2. The court's consideration of matters outside the pleadings converts a motion to dismiss into one for summary judgment. Foytik v. Chandler, 88 Hawai'i 307, 313, 966 P.2d 619, 625 (1998). Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Estate of Doe v. Paul Revere Ins. Group, 86 Hawai'i 262, 269-270, 948 P.2d 1103, 1110-1111 (1997).

3. A complaint challenging the results of an election pursuant to HRS § 11-172 fails to state a claim unless the plaintiff demonstrates errors, mistakes or irregularities that would change the outcome of the election. Tataii v. Cronin, 119 Hawai'i at 339, 198 P.3d at 126; Akaka v. Yoshina, 84 Hawai'i 383,

4

387, 935 P.2d 98, 102 (1997); Elkins v. Ariyoshi, 56 Haw. 47, 48, 527 P.2d 236, 237 (1974); Funakoshi v. King, 65 Haw. 312, 317, 651 P.2d 912, 915 (1982).

4. A plaintiff challenging an election must show that he or she has actual information of mistakes or errors sufficient to change the result. Tataii v. Cronin, 119 Hawai'i at 339, 198 P.3d at 126; Akaka v. Yoshina, 84 Hawai'i at 388, 935 P.2d at 103; Funakoshi v. King, 65 Haw. at 316-317, 651 P.2d at 915.

5. It is not sufficient for a plaintiff challenging an election to allege a poorly run and inadequately supervised election process that evinces room for abuse or possibilities of fraud. An election contest cannot be based upon mere belief or indefinite information. Tataii v. Cronin, 119 Hawai'i at 339, 198 P.3d at 126; Akaka v. Yoshina, 84 Hawai'i at 387-388, 935 P.2d at 102-103.

6. The possible irregularities in the processing and tabulation of the September 18, 2010 election votes do not amount to actual information of mistakes or errors sufficient to change the election results for Honolulu mayor.

7. The matters concerning election voting and media coverage of candidates do not demonstrate that the results of the September 18, 2010 special vacancy election for Honolulu mayor would have been changed.

8. In an election challenge pursuant HRS § 11-173.5, the supreme court is authorized to "decide what candidate was nominated or elected." HRS § 11-173.5(b).

5

9. The remedy provided by HRS § 11-173.5(b) of having the court decide which candidate was nominated or elected is the only remedy that can be given for election irregularities challenged pursuant to HRS § 11-173.5. Funakoshi v. King, 65 Haw. at 316, 651 P.2d at 914.

10. A recount of votes or a new election for Honolulu mayor is not a remedy authorized by HRS § 11-173.5(b).

11. There is no genuine issue of material fact related to plaintiff DeJean's election contest.

JUDGMENT

Based upon the foregoing findings of fact and conclusions of law, judgment is entered in favor of defendant Bernice Mau, Clerk for the City and County of Honolulu. Peter Carlisle was elected mayor of the City and County of Honolulu in the September 18, 2010 special vacancy election.

The clerk of the supreme court shall forthwith serve a certified copy of this judgment on the clerk of the City and County of Honolulu in accordance with HRS § 11-173.5(b).

DATED: Honolulu, Hawai'i, October 4, 2010.